UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GREGORY C. KRUG, | ) | CASE NO. 4:13 CV 1085 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| BENITA Y. PEARSON, Judge, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) ) | |

On May 13, 2013, plaintiff *pro se* Gregory Krug, an inmate at the Metropolitan Detention Center in Los Angeles, California, filed this civil rights action for monetary damages against United States District Judge Benita Y. Pearson. Plaintiff alleges Judge Pearson violated his right to due process when she "erroneously and maliciously dismissed the (No. 4:13 CV 785) litigation which Krug had initiated against U.S. District Judge Peter C. Economus on April 1, 2013 ... ." Complaint, p.2. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of

judgment is not impaired by the exposure of potential damages.  *Barnes*, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116.  Despite his conclusory assertion to the contrary, plaintiff alleges no facts suggesting either of these criteria has been met in this case.

Accordingly, this action is dismissed under section 1915A.  Further, the court certifies, pursuant 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: May 17, 2013                                            */s/ John R. Adams*
                                                              JOHN R. ADAMS
                                                              UNITED STATES DISTRICT JUDGE